IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NICHOLAS ADDISON,　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ADC #162451

v.　　　　　　　　　　3:16CV00233-DPM-JTK

ALLISON HUCKABEE, et al.　　　　　　　　　　　　　　　　　　DEFENDANTS

## ORDER

### I.　INTRODUCTION

Plaintiff Nicholas Addison, an inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a Calculation Sheet, which this Court construes as a Motion to Proceed in forma pauperis, pursuant to 28 U.S.C. § 1915 (Doc. No. 2). Although Plaintiff submitted a declaration that makes the showing required by § 1915(a), his Motion will be held in abeyance, pending the filing of an Amended Complaint.

### II.　SCREENING

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(a). Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has had at least three complaints dismissed as frivolous and for failure to state a

claim,[1] and is considered a "three-striker" within the meaning of the PLRA. Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In the Eighth Circuit, the exception does not apply unless plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Furthermore, although serious physical injury is not defined in the statute, the phrase has been interpreted to include a "chronic disease that could result in serious harm." Ibrahim v. District of Columbia, 463 F.3d 3, 7 (D.C.Cir.2006).

In this case, Plaintiff complains he is not receiving adequate food and nutrition at the Jail, which is causing him to lose weight. He does not, however, allege any specific improper actions by any of the four named Defendants.

The Court is unsure at this point whether Plaintiff's allegations are sufficient to support a finding that he is in imminent danger of serious physical injury, as provided in the statute. Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In determining when pretrial detention is considered unconstitutionally punitive, the courts apply the Eighth Amendment deliberate indifference standard, focusing on the length of

---

[1] See Addison v. Martin, 3:15cv00001-JM; Addison v. Muse, 3:15cv00133-JM; Addison v. Martin, 3:15cv00096-DPM.

exposure to unsanitary conditions and the degree to which the conditions are unsanitary. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Id., (quoting Wilson v. Seiter, 501 U.S. 294, 304 (1991)).

Therefore, prior to ruling on his Motion, the Court will provide Plaintiff the opportunity to submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint which contains **all of his claims against all Defendants** he is suing in a single document. Plaintiff is cautioned that an Amended Complaint will render his original Complaint without legal effect.[2] Plaintiff's Amended Complaint should: **1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) provide the dates of the actions at issue. Plaintiff should also submit any grievances or medical records in support of his imminent danger claim.**

## III. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Ruling on Plaintiff's Motion to Proceed in forma pauperis (Doc. No. 2) is held IN ABEYANCE.

---

[2] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. Of America, 101 F.3d 600, 603 (8th Cir. 1996) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted)).

    2.       The Clerk shall mail a 42 U.S.C. § 1983 complaint form to Plaintiff with this Order. Plaintiff shall complete the new complaint form in its entirety in accordance with this Order, mark it as "Amended Complaint," and file within thirty days of the date of this Order.

    3.       Service is not appropriate at this time.

IT IS SO ORDERED this 12th day of September, 2016.

                                                JEROME T. KEARNEY
                                              UNITED STATES MAGISTRATE JUDGE